Hon. Stanley E. Anderson Town Attorney, Lewisboro
This is in response to your letter, wherein you ask our opinion on the following questions regarding section 485-b of the Real Property Tax Law (RPTL):
1. Does said section apply to private sewer or water companies being formed and operating within the Town of Lewisboro, rendering services to separate real estate developments? The companies would be separate and apart from the developments, but would supply water and sewer services to the homeowners within the development.
2. In RPTL, § 485-b [2] [b] [1], does the word "commenced" mean commencement of actual physical construction, such as clearing the site, or does it mean acquisition of the permits or approvals necessary to commence physical construction?
3. With respect to RPTL, § 485-b [2] [a], can the number of years the exemption is applicable be less than ten, and can the percentage of exemption be decreased by more than five per centum yearly?
Subdivision [1] and [5] or RPTL, § 485-b, provide, respectively:
 "1. Real property constructed, altered, installed or improved subsequent to the first day of July, nineteen hundred seventy-six for the purpose of commercial, business or industrial activity shall be exempt from taxation, special ad valorem levies and service charges to the extent hereinafter provided.
* * *
 "5. The provisions of this section shall apply to real property used primarily for the buying, selling,
storing or developing goods or services, the manufacture or assembly of goods or the processing of raw materials. This section shall not apply to property used primarily for the furnishing of dwelling space or accommodations to either residents or transients other than hotels or motels." (Emphasis supplied.)
The enterprises here in question will be privately owned, profit-motivated corporations which will provide water and sewer services to individual home owners. Their operations will be within the scope of business or commercial activity, as those terms are generally defined. Accordingly, in our opinion, providing all other statutory requirements are met, the real property of privately owned sewer or water companies may be entitled to the statutory exemption contained in RPTL, §485-b, subject to any limitation thereof by authorized local law.
Your second question relates to RPTL, § 485-b [2] [b] [1], which provides that the tax exemption shall apply to real property on which appropriate construction, alteration, installation or improvement was commenced subsequent to January 1, 1976. The unambiguous language in the statute refers to various physical activity, and we cannot find any indication that the Legislature intended the word "commence" to refer to acquisition of necessary permits or approvals. Mindful of the principles expressed in McKinney's Cons Laws of NY, Book 1, Statutes, §§ 232, 94 and 76, we conclude that the commencement referred to is that of actual physical construction, alteration, installation or improvement.
Your final question concerns the period and amount of exemption. Subdivision [7] of RPTL, § 485-b, which allows a municipality to enact a local law reducing the amount of the exemption granted for any increase in assessed valuation, provides:
 "7. A county, city, town or village may, by local law, and a school district which levies school taxes may, by resolution, reduce the per centum of exemption otherwise allowed pursuant to this section. A copy of any such local law or resolution shall be filed with the state board."
In an informal opinion to Honorable M. Leo Friedman, dated February 3, 1977 (a copy of which is enclosed), we noted that the statute does not grant a municipality the power to enact the tax exemption as a local option, but rather, the law grants the exemption from taxation and requires action by a municipality to reduce the percentage of the exemption granted. We further observed that the only option available to municipality is whether or not to reduce the percentage of the exemption established by the State Legislature.
Since the only statutory authority for a local law in this matter relates to reduction of percentage of exemption, we conclude that the number of years the exemption is applicable cannot be less than ten. However, the result you seek can be achieved by enacting a local law altering the percentage of reduction. There is no limitation on the extent of the reduction, and the percentage of exemption may be reduced to zero (Opn St Comp 76-997; 5 Opns of Counsel of St Bd of Equal Assess No. 81).
From all of the foregoing, it is our opinion that (1) providing all other statutory requirements are met, the real property of privately owned sewer or water companies being formed in the Town of Lewisboro may be entitled to the statutory exemption contained in RPTL, § 485-b, subject to any limitation thereof by authorized local law; (2) the commencement referred to in RPTL, § 485-b [2] [b] [1] is the commencement of actual physical construction, alteration, installation or improvement; and (3) the number of years the business investment exemption is applicable cannot be less than ten, but the percentage of exemption may be decreased by more than five per centum per year by local law.